UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SHIMON Y. SOFFER
    a/k/a "Systoned"

CASE NO.

18 U.S.C. § 1349

8:25 cr 38 VMC-AEP

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Mail Fraud Conspiracy)

FEB 5 2025 AM 10:32
FILED - USDC - FLMD - TPA

#### A. Relevant Parties

At times material to this Indictment:

1. Defendant SHIMON Y. SOFFER, a/k/a "Systoned," was a resident of New York. Andrew Zeng, a/k/a "Haku," was a resident of New York. Matthew Frederic Bergwall, a/k/a "MXB," was a resident of Florida. Owen McKay Sheed was a resident of North Carolina. Miguel Angel Fortier, Jr., a/k/a "Destined," was a resident of Wisconsin. Brock David Fischer, a/k/a "iFruit," was a resident of Iowa.

2. "The Victim Company" was a private, multinational shipping, receiving, and supply chain management company. The Victim Company acted as a common carrier for hundreds of retailers all over the world.

3. "The Service" was a chat room/marketplace on an encrypted messaging platform.

### B. Overview

4. In December 2021, Zeng discovered an exploit that allowed him to gain unauthorized access to the Victim Company's tracking platform. Zeng created the Service soon after, where he sold access to the Victim Company's tracking platform. This access allowed false and fraudulent tracking information to be entered into Victim Company's tracking platform for merchandise shipped by the Victim Company on behalf of victim-retailers. Conspirators used the Service to obtain full refunds from victim-retailers while maintaining physical possession of merchandise ordered, such as high-end electronics, jewelry, and designer clothing and accessories. In February 2022, Zeng sold the Service to Bergwall, who enlisted Sheed and Fortier to help him run the marketplace. While Bergwall operated the Service, SOFFER and Fischer were two of its most significant customers. In April 2022, Bergwall handed operations of the Service over to Fischer. In approximately five months, the fraud scheme caused nearly 10,000 fraudulent returns and resulted in victim-retailers losing more than $8 million in merchandise.

### C. The Conspiracy

5. Beginning on an unknown date, but no later than on or about December 28, 2021, and continuing through at least on or about April 14, 2022, in the Middle District of Florida and elsewhere, the defendant,

SHIMON Y. SOFFER,
a/k/a "Systoned,"

2

did knowingly and willfully combine, conspire, confederate, and agree with Zeng, Bergwall, Sheed, Fortier, Fischer, and others, both known and unknown to the Grand Jury, to commit mail fraud, in violation of 18 U.S.C. § 1341.

### D. Manner and Means

6. The manner and means by which the conspirators sought to accomplish the object of the conspiracy included, among others, the following:

   a. It was part of the conspiracy that conspirators would and did gain unauthorized access to the Victim Company's tracking platform.

   b. It was further part of the conspiracy that conspirators would and did order merchandise known to be shipped by the Victim Company from victim-retailers located in the Middle District of Florida and elsewhere.

   c. It was further part of the conspiracy that conspirators located in the Middle District of Florida and elsewhere would and did receive merchandise from victim-retailers that had been shipped by the Victim Company.

   d. It was further part of the conspiracy that conspirators would and did, in exchange for payment, cause false and fraudulent information to be entered into the Victim Company's tracking platform, making it appear as if merchandise purchased by conspirators had been returned by the Victim Company, prompting victim-retailers to issue refunds.

   e. It was further part of the conspiracy that conspirators would and did receive refunds from victim-retailers for merchandise that had never been

3

returned.

  f. It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### E. Overt Acts

  7. In furtherance of the conspiracy and to effect its object, SOFFER committed the following overt acts, among others:

  a. On or about December 29, 2021, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Yoox Corporation (fashion retailer) facility in Clifton, New Jersey.

  b. On January 18, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Bluefly (fashion retailer) facility in Boca Raton, Florida.

  c. On January 22, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to a Best Buy (electronics retailer) facility in Shepherdsville, Kentucky.

  d. On January 24, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to an Amazon (online retailer) facility in Lexington, Kentucky.

  e. On February 2, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Gap, Inc. (clothing retailer) facility in Gallatin, Tennessee. On March 1 and 2, 2022, SOFFER submitted, and caused to be submitted, false fraudulent tracking information in relation to two additional packages purportedly shipped by him to Gap, Inc.

  f. On February 5, 2022, SOFFER submitted, and caused to be submitted, false fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to an ABT Electronics Inc. (electronics retailer) facility in Glenview, Illinois. On February 7, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two additional packages purportedly shipped by him to ABT Electronics Inc.

  g. On February 12 and 14, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to a vidaXL (furniture retailer) facility in Rialto, California.

   h. On March 9, 2022, SOFFER submitted, and caused to be submitted, fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Bond No. 9 (perfume and cologne retailer) facility in New York, New York. On March 11, 2022, SOFFER submitted, and caused to be submitted, additional fraudulent tracking information in relation to this same package.

   i. On March 11, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Clifton, New Jersey, to a Tourneau (luxury watch retailer) facility in New York, New York.

   All in violation of 18 U.S.C. § 1349.

## FORFEITURE

   1. The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

   2. Upon conviction of a violation of conspiracy to violate 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, a judgment in the amount of proceeds obtained from the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).



A TRUE BILL.

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Carlton C. Gammons
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Criminal Chief (South)

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

SHIMON Y. SOFFER
A/K/A "SYSTONED"

## INDICTMENT

Violations: 18 U.S.C. § 1349

A true bill,

███████████████████
Foreperson

Filed in open court this 5th day

of February 2025.

*Eric Calderon*
_____
Clerk

Bail $_____

GPO 863 525