UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.

SHIMON Y. SOFFER                                      18 U.S.C. § 1349
    a/k/a "Systoned"
                                                     8:25 cr 38 VMC - AEP

### INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Mail Fraud Conspiracy)

A.   **Relevant Parties**                 FEB 5 2025 AM 10:32
                                          FILED - USDC - FLMD - TPA

At times material to this Indictment:

1.   Defendant SHIMON Y. SOFFER, a/k/a "Systoned," was a resident of
New York. Andrew Zeng, a/k/a "Haku," was a resident of New York. Matthew
Frederic Bergwall, a/k/a "MXB," was a resident of Florida. Owen McKay Sheed
was a resident of North Carolina. Miguel Angel Fortier, Jr., a/k/a "Destined," was
a resident of Wisconsin. Brock David Fischer, a/k/a "iFruit," was a resident of
Iowa.

2.   "The Victim Company" was a private, multinational shipping,
receiving, and supply chain management company. The Victim Company acted as a
common carrier for hundreds of retailers all over the world.

3.   "The Service" was a chat room/marketplace on an encrypted
messaging platform.

### B.    Overview

4.    In December 2021, Zeng discovered an exploit that allowed him to gain unauthorized access to the Victim Company's tracking platform. Zeng created the Service soon after, where he sold access to the Victim Company's tracking platform. This access allowed false and fraudulent tracking information to be entered into Victim Company's tracking platform for merchandise shipped by the Victim Company on behalf of victim-retailers. Conspirators used the Service to obtain full refunds from victim-retailers while maintaining physical possession of merchandise ordered, such as high-end electronics, jewelry, and designer clothing and accessories. In February 2022, Zeng sold the Service to Bergwall, who enlisted Sheed and Fortier to help him run the marketplace. While Bergwall operated the Service, SOFFER and Fischer were two of its most significant customers. In April 2022, Bergwall handed operations of the Service over to Fischer. In approximately five months, the fraud scheme caused nearly 10,000 fraudulent returns and resulted in victim-retailers losing more than $8 million in merchandise.

### C.    The Conspiracy

5.    Beginning on an unknown date, but no later than on or about December 28, 2021, and continuing through at least on or about April 14, 2022, in the Middle District of Florida and elsewhere, the defendant,

SHIMON Y. SOFFER,
a/k/a "Systoned,"

2

did knowingly and willfully combine, conspire, confederate, and agree with Zeng, Bergwall, Sheed, Fortier, Fischer, and others, both known and unknown to the Grand Jury, to commit mail fraud, in violation of 18 U.S.C. § 1341.

### D.    Manner and Means

6.    The manner and means by which the conspirators sought to accomplish the object of the conspiracy included, among others, the following:

a.    It was part of the conspiracy that conspirators would and did gain unauthorized access to the Victim Company's tracking platform.

b.    It was further part of the conspiracy that conspirators would and did order merchandise known to be shipped by the Victim Company from victim-retailers located in the Middle District of Florida and elsewhere.

c.    It was further part of the conspiracy that conspirators located in the Middle District of Florida and elsewhere would and did receive merchandise from victim-retailers that had been shipped by the Victim Company.

d.    It was further part of the conspiracy that conspirators would and did, in exchange for payment, cause false and fraudulent information to be entered into the Victim Company's tracking platform, making it appear as if merchandise purchased by conspirators had been returned by the Victim Company, prompting victim-retailers to issue refunds.

e.    It was further part of the conspiracy that conspirators would and did receive refunds from victim-retailers for merchandise that had never been

3

returned.

        f.     It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

### E.    Overt Acts

7.    In furtherance of the conspiracy and to effect its object, SOFFER committed the following overt acts, among others:

        a.     On or about December 29, 2021, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Yoox Corporation (fashion retailer) facility in Clifton, New Jersey.

        b.     On January 18, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Bluefly (fashion retailer) facility in Boca Raton, Florida.

        c.     On January 22, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to a Best Buy (electronics retailer) facility in Shepherdsville, Kentucky.

d.      On January 24, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to an Amazon (online retailer) facility in Lexington, Kentucky.

e.      On February 2, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Gap, Inc. (clothing retailer) facility in Gallatin, Tennessee. On March 1 and 2, 2022, SOFFER submitted, and caused to be submitted, false fraudulent tracking information in relation to two additional packages purportedly shipped by him to Gap, Inc.

f.      On February 5, 2022, SOFFER submitted, and caused to be submitted, false fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to an ABT Electronics Inc. (electronics retailer) facility in Glenview, Illinois. On February 7, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two additional packages purportedly shipped by him to ABT Electronics Inc.

g.      On February 12 and 14, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to two packages purportedly shipped by him from Brooklyn, New York, to a vidaXL (furniture retailer) facility in Rialto, California.

5

h.      On March 9, 2022, SOFFER submitted, and caused to be submitted, fraudulent tracking information in relation to a package purportedly shipped by him from Brooklyn, New York, to a Bond No. 9 (perfume and cologne retailer) facility in New York, New York. On March 11, 2022, SOFFER submitted, and caused to be submitted, additional fraudulent tracking information in relation to this same package.

i.      On March 11, 2022, SOFFER submitted, and caused to be submitted, false and fraudulent tracking information in relation to a package purportedly shipped by him from Clifton, New Jersey, to a Tourneau (luxury watch retailer) facility in New York, New York.

All in violation of 18 U.S.C. § 1349.

## FORFEITURE

1.      The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of conspiracy to violate 18 U.S.C. § 1341, in violation of 18 U.S.C. § 1349, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

6

3.    The property to be forfeited includes, but is not limited to, a judgment in the amount of proceeds obtained from the offense.

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).


A TRUE BILL,


Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Carlton C. Gammons
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Criminal Chief (South)

8

FORM OBD-34
February 25

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

SHIMON Y. SOFFER
A/K/A "SYSTONED"

## INDICTMENT

Violations: 18 U.S.C. § 1349

A true bill

_____
Foreperson

Filed in open court this 5th day

of February 2025.

_Eric Calderon_
_____
Clerk

Bail $ _____

GPO 863 525

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

United States of America
v.

SHIMON Y. SOFFER
a/k/a "Systoned" ("SOFFER")
_____
*Defendant*

Case No. 8:25 cr 38 VMC- AEP

## ARREST WARRANT

To:    Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    SHIMON Y. SOFFER a/k/a "Systoned" ("SOFFER")
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

conspiracy to commit mail fraud in violation of 8 U.S.C. §§ 1341 and 1349

Date:    FEB - 5 2025
_____                    _____
                                            *Issuing officer's signature*

City and state:    Tampa, Florida                    ELIZABETH WARREN, Clerk, United States District Court
_____                    _____
                                            *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____    _____ *Arresting officer's signature* |
|    _____ *Printed name and title* |

# UNITED STATES DISTRICT COURT
for the

### District of New Jersey

## MAGISTRATE'S COURTROOM MINUTES

**MAGISTRATE JUDGE:** Jessica S. Allen

UNITED STATES OF AMERICA
*Plaintiff*

**CASE NO.** 25-8022
**DATE OF PROCEEDINGS:** 2/5/2025

v.

Shimon Y. Soffer
*Defendant*

**DATE OF ARREST:** 2/5/2025

**PROCEEDINGS:** Rule 5 MDFL

- [ ] COMPLAINT
- [x] ADVISED OF RIGHTS and/or VIOLATION(S)
- [x] WAIVER OF COUNSEL
- [x] APPT. OF COUNSEL: [x] AFPD [ ] CJA [ ] WAIVED
- [ ] WAIVER OF HRG: [ ] PRELIM [ ] REMOVAL
- [ ] CONSENT TO MAGISTRATE'S JURISDICTION
- [ ] PLEA ENTERED: [ ] GUILTY [ ] NOT GUILTY
- [ ] PLEA AGREEMENT
- [ ] RULE 11 FORM
- [x] FINANCIAL AFFIDAVIT EXECUTED [ ] FINANCIAL COLLOQUY
- [x] BRADY ORDER
- [x] Waive Identity Hrg on the record
- [ ]

- [ ] DETAINED W/O PREJUDICE TO MAKE A BAIL APPLICATION LATER
- [ ] CONSENT TO DETENTION WITH RIGHT TO MAKE A BAIL APPLICATION AT A LATER TIME
- [ ] BAIL DENIED - DEFENDANT REMANDED TO CUSTODY
- [x] BAIL SET: $100,000
  - [x] UNSECURED BOND
  - [ ] SURETY BOND SECURED BY CASH/PROPERTY
- [x] TRAVEL RESTRICTED
- [x] REPORT TO PRETRIAL SERVICES
- [x] DRUG TESTING AND/OR TREATMENT
- [x] MENTAL HEALTH TESTING AND/OR TREATMENT
- [x] SURRENDER AND/OR OBTAIN NO PASSPORT
- [x] SEE ORDER SETTING CONDITIONS OF RELEASE FOR ADDITIONAL CONDITIONS

**HEARING SET FOR:**

- [ ] PRELIMINARY/REMOVAL HRG.
- [ ] DETENTION/BAIL HRG.
- [ ] TRIAL: [ ] COURT [ ] JURY
- [ ] SENTENCING
- [ ] OTHER:

DATE: _____
DATE: _____
DATE: _____
DATE: _____
DATE: _____

**APPEARANCES:**

AUSA: Andrew Kogan, AUSA

DEFT. COUNSEL: Timothy Donahue, AFPD

PO/PTS: Sophia E. Grigolo, PTS

INTERPRETER _____
Language:

TIME COMMENCED: 3:40
TIME TERMINATED: 4:00
CD NO: ECR

Nitza Creegan
Sr. Courtroom Deputy

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

UNITED STATES OF AMERICA

*Plaintiff*

v.

Shimon Y. Soffer

*Defendant*

Case No.   25-8022

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

The financial inability of the defendant to retain counsel having been established by the Court,

and the defendant not having waived the appointment of counsel,

It is on this ___5th___ day of ___February___, 2025,

ORDERED that ___Timothy Donahue, AFPD_____ from the office of the Federal Public

Defender for the District of New Jersey is hereby appointed to represent said defendant in the cause until

further order of the Court.

/s/ Jessica S. Allen
_____
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
for the District of New Jersey

UNITED STATES OF AMERICA

v.

Shimon Y. Soffer
_____
Defendant

**ORDER SETTING**
**CONDITIONS OF RELEASE**

Case Number: 25-8022

IT IS ORDERED on this __5th__ day of __February,__ 2025 that the release of the defendant is subject to the following conditions:

(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change of address and/or telephone number.
(4) The defendant must appear in court as required and must surrender to serve any sentence imposed.

### Release on Bond

Bail be fixed at $ __100,000__ and the defendant shall be released upon:

[✓] Executing an unsecured appearance bond [ ] with co-signor(s)_____
[ ] Executing a secured appearance bond [ ] with co-signor(s)_____, and [ ] depositing cash in the registry of the Court _____ % of the bail fixed; and/or [ ] execute an agreement to forfeit designated property located at _____ Local Criminal Rule 46.1(d)(3) waived/not waived by the Court.

[ ] Executing an appearance bond with approved sureties, or the deposit of cash in the full amount of the bail in lieu thereof;

### Additional Conditions of Release

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community. It is further ordered that the release of the defendant is subject to the condition(s) listed below:

IT IS FURTHER ORDERED that, in addition to the above, the following conditions are imposed:

[✓] Report to Pretrial Services ("PTS") as directed and advise them immediately of any contact with law enforcement personnel, including but not limited to, any arrest, questioning or traffic stop.
[ ] The defendant shall not attempt to influence, intimidate, or injure any juror or judicial officer; not tamper with any witness, victim, or informant; not retaliate against any witness, victim or informant in this case.
[✓] The defendant shall be released into the third party custody of __Daniel Soffer__ who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Custodian Signature: _____ Date: __2/5/2025__

DNJ-CR-019((REV. 1/09)(modified AO-199)                                         Page 1

[✓] The defendant's travel is restricted to [✓] New Jersey [✓] Other middle District of FL for Court and attorney purposes only [✓] unless approved by Pretrial Services (PTS).

[✓] Surrender all passports and travel documents to PTS. Do not apply for new travel documents.

[✓] Substance abuse testing and/or treatment as directed by PTS. Refrain from obstructing or tampering with substance abuse testing procedures/equipment.

[ ] Refrain from possessing a firearm, destructive device, or other dangerous weapons. All firearms in any home in which the defendant resides shall be removed prior release and within _____ and verification provided to PTS. The defendant shall also surrender all firearm purchaser's identification cards and permits to PTS.

[✓] Mental health testing/treatment as directed by PTS.

[ ] Abstain from the use of alcohol.

[✓] Maintain current residence or a residence approved by PTS.

[ ] Maintain or actively seek employment.

[ ] No contact with minors unless in the presence of a parent or guardian who is aware of the present offense.

[✓] Have no contact with the following individuals:   any witness and/or co-conspirator without the present of an attorney.

[ ] Defendant is to participate in one of the following home confinement program components and abide by all the requirements of the program which   will or   will not include electronic monitoring or other location verification system.

   [ ]   (i)   **Curfew.** You are restricted to your residence every day from _____ to _____, or as directed by the pretrial services office or supervising officer; or

   [ ]   (ii)   **Home Detention.** You are restricted to your residence at all times except for the following: education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer. Additionally, employment [ ] is permitted [ ] is not permitted.

   [✓]   (iii)   **Home Incarceration.** You are restricted to your residence under 24 hour lock-down except for medical necessities and court appearances, or other activities specifically approved by the court. *

   [ ]   (iv)   **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

   [ ]   Pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

[ ] Defendant is subject to the following computer/internet and network restrictions which may include manual inspection, and/or the installation of computer monitoring software, as deemed appropriate by Pretrial Services. The defendant consents to Pretrial Services' use of electronic detection devices to evaluate the defendant's access to wi-fi connections.

   [ ]   (i)   **No Computers** - defendant is prohibited from possession and/or use of computers or connected devices.

   [ ]   (ii)   **Computer - No Internet Access:** defendant is permitted use of computers or connected devices, but is not permitted access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant Messaging, etc);

   [ ]   (iii)   **Computer With Internet Access:** defendant is permitted use of computers or connected devices, and is permitted access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant Messaging, etc.) for legitimate and necessary purposes pre-approved by Pretrial Services at [ ] home [ ] for employment purposes.

   [ ]   (iv)   **Consent of Other Residents** - by consent of other residents in the home, any computers in the home utilized by other residents shall be approved by Pretrial Services, password protected by a third party custodian approved by Pretrial Services, and subject to inspection for compliance by Pretrial Services. Home computer networks are subject to inspection for compliance by Pretrial Services.

[ ] **Other:** The defendant shall report to the United States Marshal Services in Newark, New Jersey for processing at a date to be determined.

[ ] **Other:** Conditions of Release/Supervision continued as previously ordered.

[✓] **Other:** The defendant shall have no identification or travel documents not issued in his name.

[✓] **Other:** Special
* Condition is conditional pending initial appearance in MDFL

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____Clifton,  NJ_____
City and State

### Directions to the United States Marshal

| X | The defendant is ORDERED released after processing. |

☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: __2/5/2025__

_____
Judicial Officer's Signature

Jessica S. Allen, U.S.M.J.
_____
*Printed Name and Title*

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 25-8022 |
| Shimon Y. Soffer | ) |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Shimon Y. Soffer _____ , agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

      ( X ) to appear for court proceedings;
      ( X ) if convicted, to surrender to serve a sentence that the court may impose; or
      ( X ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1) This is a personal recognizance bond.

( ✔ ) (2) This is an unsecured bond of $ 100,000 _____ .

(   ) (3) This is a secured bond of $ _____ , secured by:

      (   ) (a) $ _____ , in cash deposited with the court.

      (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

           If this bond is secured by real property, documents to protect the secured interest may be filed of record.

      (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

Page 2

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)   all owners of the property securing this appearance bond are included on the bond;
(2)   the property is not subject to claims, except as described above; and
(3)   I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:   02/05/2025                                               _____
                                                                         *Defendant's signature*

_____                    _____
*Surety/property owner – printed name*                  *Surety/property owner – signature and date*

_____                    _____
*Surety/property owner – printed name*                  *Surety/property owner – signature and date*

_____                    _____
*Surety/property owner – printed name*                  *Surety/property owner – signature and date*

### CLERK OF COURT

Date:   02/05/2025                                               /s/ Nitza Creegan
                                                                         *Signature of Clerk or Deputy Clerk*

Approved.

Date:   02/05/2025                                               _____
                                                                         *Judge's signature*