UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:25-cr-00038-VMC-AEP

SHIMON Y. SOFFER
        a/k/a "Systoned"

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney

for the Middle District of Florida, hereby files this Notice of Maximum Penalties,

Elements of Offense, Personalization of Elements and Factual Basis, stating as

follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 18 U.S.C. §§ 1341 and 1349, Mail

Fraud Conspiracy, are as follows:

The elements of mail fraud conspiracy are:

First:        two or more persons, in some way or manner, agreed to try
              to accomplish a common and unlawful plan to commit mail
              fraud, as charged in the indictment; and

Second:       the Defendant knew the unlawful purpose of the plan and
              willfully joined in it.

The elements of mail fraud are:

First:        the Defendant knowingly devised or participated in a
              scheme to defraud someone by using false or fraudulent
              pretenses, representations, or promises;

Second:     the false or fraudulent pretenses, representations, or
            promises were about a material fact;

Third:      the Defendant intended to defraud someone; and

Fourth:     the Defendant used a private or commercial interstate carrier
            by depositing or causing to be deposited with the carrier
            something meant to help carry out the scheme to defraud.

## PENALTY

The penalty for the offense charged in Count One of the Indictment carries a maximum sentence of 20 years imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community.

Additionally, the defendant must forfeit property, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), as outlined in the Indictment. Among the items that will be forfeited includes, but is not limited to, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

## FACTUAL BASIS

"The Victim Company" was a private, multinational shipping, receiving, and supply chain management company. The Victim Company served as a common carrier for hundreds of retailers all over the world, including those within the Middle

District of Florida. "The Service" was a chat room/marketplace on an encrypted messaging platform.

In or around January 2022, an online refund-fraud community lead by, "Haku" a/k/a Andrew Zeng developed a method of refund-fraud specific to the Victim Company, which allowed Zeng to enter, delete, and otherwise manipulate information in the company's tracking platform in real time using compromised Victim Company Mobile Delivery accounts. Zeng also created a Telegram channel/marketplace ("the Marketplace") that Zeng used to facilitate the return-fraud scheme. The fraud scheme allowed unidentified subjects to pursue full refunds from victim-retailers for merchandise purportedly returned by the Victim Company, while maintaining physical possession of the merchandise.

In February 2022, Zeng sold the Service to Frederic Bergwall, who enlisted others to help him run the Marketplace. "Systoned," later identified as Shimon Y. SOFFER, was one of the Marketplace's most significant customers. SOFFER routinely ordered high volumes of products from retailers, and in turn high volumes of services from the Marketplace, knowing he was going to commit refund fraud. The services allowed him to resell his retail purchases (high-end electronics, jewelry, and designer clothing and accessories) for a profit on Telegram channels/marketplaces he controlled, including "SystonedChannel" and later "TheLabelService."

Records revealed that on at least 17 occasions SOFFER used his true name and address (Brooklyn, New York) to order merchandise involved in the fraud

scheme. For example, on December 29, 2021, a Mobile Delivery account of the Victim Company was used to submit fraudulent tracking information in relation to a package purportedly shipped by SOFFER from Brooklyn, New York, to a fashion retailer facility in Clifton, New Jersey. This transaction was the first fraudulent shipment the Victim Company identified as being involved in the return-fraud scheme.

In or around March 2022 SOFFER flew to meet with Bergwall in Miami, Florida, to discuss the fraudulent business. Here, SOFFER offered advice on how to improve the Marketplace's customer submission process and expressed his desire to become more involved in the Marketplace operations.

In total, the Victim Company identified more than 28,000 packages from victim-retailers involved in this fraudulent scheme, resulting in millions in lost product and sales revenue to the victim-retailers. From in or around December 2021, through in or around April 2022, this fraud scheme caused nearly 10,000 fraudulent returns and resulted in the victim-retailers losing more than $8 million in merchandise. More than 300 of these returns either shipped to or from the State of Florida to other states. These return shipments were sent via a commercial carrier into interstate commerce with the intent to carry out the conspirator's fraud scheme when the item was deposited with the carrier.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it

intended to include, all the events, persons involved, or other information relating to this case.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: erin.favorit@usdoj.gov

**U.S. v. Soffer**                                    **Case No. 8:25-cr-38-VMC-AEP**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 24, 2026, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Mary Claire Wolf, Esq.

*/s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: erin.favorit@usdoj.gov