UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:24-cr-38-VMC-AEP

SHIMON Y. SOFFER
    a/k/a "Systoned"

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits its sentencing memorandum. As further explained below, and pursuant to 18 U.S.C. § 3553(a), the United States respectfully submits that guideline-sentence of 36 months imprisonment followed by three years' supervised release is appropriate in this case.

### I.   Background

Refund-fraud is a deceptive practice in which individuals or groups exploit the refund process for personal gain. It typically involves purchasing an item, obtaining a refund, and then retaining the product—either for personal use or resale. Those engaged in this scheme are commonly known as "refunders." As e-commerce continues to grow, return-fraud has become a significant issue in the criminal world.

The defendant, Soffer, and others were involved in a nationwide, multimillion dollar refund-fraud scheme. In or around January 2022, an online refund-fraud community lead by, "Haku" a/k/a Andrew Zeng developed a method of refund-fraud specific to the Victim Company, which allowed Zeng to enter, delete, and

otherwise manipulate information in the company's tracking platform in real time using compromised Victim Company Mobile Delivery accounts. Zeng also created a Telegram channel/marketplace ("the Marketplace") that Zeng used to facilitate the return-fraud scheme. The fraud scheme allowed unidentified subjects to pursue full refunds from victim-retailers for merchandise purportedly returned by the Victim Company, while maintaining physical possession of the merchandise.

In February 2022, Zeng sold the Service to Frederic Bergwall, who enlisted others to help him run the Marketplace. "Systoned," later identified as Soffer, was one of the Marketplace's most significant customers. Soffer routinely ordered high volumes of products from retailers, and in turn high volumes of services from the Marketplace, knowing he was going to commit refund fraud. The services allowed him to resell his retail purchases (high-end electronics, jewelry, and designer clothing and accessories) for a profit on Telegram channels/marketplaces he controlled, including "SystonedChannel" and later "TheLabelService."

In total, the Victim Company identified more than 28,000 packages from victim-retailers involved in this fraudulent scheme, resulting in millions in lost product and sales revenue to the victim-retailers. From in or around December 2021, through in or around April 2022, this fraud scheme caused nearly 10,000 fraudulent returns and resulted in the victim-retailers losing more than $1.4 million in merchandise.

## II.    Procedural History

In relation to the above-described conduct, on February 5, 2025, a federal grand jury in the Middle District of Florida, Tampa Division, returned an indictment charging defendant Shimon Y. Soffer with one count of Mail Fraud Conspiracy, in violation of 18 U.S.C. § 1349. and made his initial appearance in the District of New Jersey on that same day. On February 20, 2025, Soffer made his initial appearance in the Middle District of Florida. On February 25, 2026, he pleaded guilty to the sole count of the indictment without a written plea agreement. Docs. 73. The Court has scheduled sentencing to take place on May 20, 2026. Doc. 78.

## III.    Presentence Investigation Report

On April 17, 2026, the U.S. Probation Office issued its initial Presentence Investigation Report ("PSR"). Doc. 80. It determined Soffer's applicable guideline-range for the underlying offense to be 33-41 months, based on an adjusted total-offense level of 20 and criminal history category of I. *Id.* at ¶ 75. The United States has no objections to the PSR. Soffer does not have any objections to the guidelines.

## IV.    Argument in Support of a Guideline Sentence

The Supreme Court has declared, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 41 (2007). Although this Court may not presume that a guideline-range sentence is reasonable, the Sentencing Guidelines remain a significant and pivotal component of the sentencing process. *United States v.*

*Delva*, 922 F.3d 1228, 1257 (11th Cir. 2019); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]hile we do not presume that a sentence falling within the guidelines range is reasonable, we ordinarily expect it to be so."). This Court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891–92 (2009).

Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. Bergwall's conduct, considered in conjunction with the sentencing factors set forth in § 3553(a), calls for a low-end, guideline-sentence.

Refund-fraud is a growing problem. According to the National Retail Federation, retail returns totaled $743 billion in 2023. Of those, 5% were returned sales, and 7%—amounting to $101 billion—were fraudulent. While online shopping offers convenience, including the ease of returning products by mail, this very feature has also made it easier for criminals like Soffer to exploit the system. To deter future

offenders, the Court must impose a sentence that reflects the seriousness of this crime. 18 U.S.C. § 3553(a)(2)(B).

Section 3553(a)'s legislative history demonstrates that Congress viewed deterrence as "particularly important in the area of white-collar crime." *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting S.Rep. No. 98–225, at 76 (1983)); *United States v. Livesay*, 525 F.3d 1081, 1094 (11th Cir. 2008). Defendants in white-collar crimes often calculate the financial gain and risk of loss, and white-collar crime therefore can be affected and reduced with serious punishment. *Martin*, 455 F.3d at 1240. Because economic and fraud-based crimes are "more rational, cool, and calculated than sudden crimes of passion or opportunity," these crimes are "prime candidate[s] for general deterrence." *Id*. Unlike crimes of passion, economic crimes involve deliberate cost-benefit calculations, making meaningful punishment a powerful deterrent. Soffer exemplifies this calculated approach.

A 36-month imprisonment, guideline-range sentence is necessary not only to deter Soffer but also to send a clear message to others engaging in or contemplating similar fraudulent conduct. Only such a sentence can effectively discourage the rampant abuse of return systems and protect businesses and consumers alike.

## V.   Conclusion

This Court should sentence Soffer to a guideline sentence, specifically 36 months, in this case. This sentence is reasonable based on the nature and circumstances of the offense and need to afford adequate deterrence to criminal conduct.

Respectfully submitted,

GREGORY W. KEHOE

United States Attorney

By:    *Erin Claire Favorit*
       Erin Claire Favorit
       Assistant United States Attorney
       Florida Bar No. 104887
       400 N. Tampa St., Ste. 3200
       Tampa, FL 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       Email: erin.favorit@usdoj.gov

**U.S. v. Soffer**                                    **Case No. 8:24-cr-38-VMC-AEP**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 25, 2025, a true and correct copy of the foregoing document was filed under seal with the Clerk's Office and a copy sent by E- Mail to:

Regine Etienne, Esq.

> */s/Erin Claire Favorit*
> Erin Claire Favorit
> Assistant United States Attorney
> Florida Bar No. 104887
> 400 N. Tampa Street, Suite 3200
> Tampa, Florida 33602-4798
> Telephone:   (813) 274-6000
> Facsimile:    (813) 274-6358
> E-mail: erin.favorit@usdoj.gov